**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Miscellaneous Case No. 1:19-mc-00090-RM

BARBARA GORDON,

      Petitioner,

v.

JOHN BOYD COATES III, M.D.,

      Respondent.

---

**ORDER**

---

This matter is before the Court on Petitioner's motion to quash Respondent's subpoena (ECF No. 1). Respondent has filed a response to the motion (ECF No. 6) and a motion to transfer the matter to the United States District Court for the District of Vermont (ECF No. 7). Petitioner has filed a reply to the response (ECF No. 8) and a response to the motion to transfer (ECF No. 9). The Court has reviewed the pleadings, case file, and applicable law. For the reasons below, the Court grants the motion to quash. The Court denies as moot the motion to transfer.

**I.      LEGAL STANDARD**

Fed. R. Civ. P. 45 requires a court to quash or modify a subpoena that, inter alia, requires disclosure of privileged or other protected matter (if no exception or waiver applies) or subjects a person to an undue burden. The movant bears the burden of persuasion on a motion to quash a subpoena. *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007).

## II.    BACKGROUND

Respondent is being sued in Vermont by Petitioner's parents, Chery and Peter Rousseau, for fraudulent insemination.  The Rousseaus allege that Respondent, Ms. Rousseau's fertility doctor, inseminated her with his own semen rather than that of an anonymous donor.  The Rousseaus allege they did not discover Respondent's conduct until decades later, when Petitioner undertook genetic testing with the hope of obtaining information that would provide insight into her son's medical condition.  From the results of the that testing, Petitioner deduced that Respondent is her biological father, which Respondent denies.  Petitioner has agreed to submit a DNA sample in the Vermont case, and the judge has granted a motion to compel Respondent to undergo DNA testing that would conclusively establish the paternity issue.

Respondent issued a subpoena directing Petitioner to appear for a deposition in Denver and to produce copies of her correspondence with various persons pertaining to the genetic tests she took, including any letters, e-mails, or other writings she sent to Respondent, his children, her parents, the testing services she used, and the geneticist she consulted.  Petitioner objects to the subpoena, arguing that it is unduly burdensome and seeks information protected by the attorney-client privilege.

## III.    ANALYSIS

Although irrelevance is not on the list of reasons for quashing a subpoena found in Fed. R. Civ. P. 45, it is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34 of the Federal Rules of Civil Procedure. *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003).  "Thus, the court must examine whether a request contained

in a subpoena is overly broad or seeks irrelevant information . . . ." *Id.* If the relevancy of the discovery sought is not apparent, the party seeking the discovery bears the burden of establishing relevancy of the request. *See Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000). If the relevancy of the discovery sought is apparent on its face, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under

Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of disclosure." *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004) (quotation omitted).

To the extent Respondent seeks discovery bearing on the paternity issue, he has not shown that such discovery is relevant. The Court finds there is no basis for concluding that the DNA testing ordered by the Vermont court will not settle that issue. Respondent has not shown that the process Petitioner undertook to deduce that Respondent is her biological father is at all relevant in the Vermont case.

The Court finds that on the face of the request, there is a slight possibility that some of the information sought could be relevant to the issue of the Rousseaus' damages, should Respondent's paternity be conclusively established. But by the time Petitioner deduced what Respondent had allegedly done, she had grown up, moved to Colorado, and started her own family and business. Any "marginal relevance" that the discovery might have with respect to the Rousseaus' emotional distress would be substantially outweighed by the potential harm to Petitioner. *See Williams v. Bd. of Cty. Comm'rs*, 192 F.R.D. 698, 703 (D. Kan. 2000) (denying motion to compel where requested information had only marginal relevance to claims asserted

and would constitute an unjustified invasion of privacy).  Moreover, Respondent has cited no

authority for the proposition that the Rousseaus' recovery would be "offset" by whatever

emotional benefits they have experienced from Petitioner's presence in their lives, as the

Rousseaus are not asserting a claim for wrongful birth.  *Cf. Viccaro v. Milunsky*, 551 N.E.2d 8

(Mass. 1990).  Accordingly, the Court finds that the discovery sought is of such minimal

relevance that quashing the subpoena is necessary to protect Petitioner from potential harm.

*See Williams*, 192 F.R.D. at 703.

Finally, Petitioner seeks her costs and fees incurred in responding to Respondent's

subpoena.  The Court finds that such an award is appropriate.

## IV.    CONCLUSION

Accordingly, the motion to quash (ECF No. 1) is GRANTED, and the motion to transfer

(ECF No. 7) is DENIED AS MOOT.

DATED this 1st day of November, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge
